IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRIAN AULT,<br><br>                Plaintiff,<br><br>v.<br><br>CENTURYLINK, QUEST CORPORATION, COMMUNICATIONS WORKERS OF AMERICA, AND VWA LOCAL 7705.<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND TO STATE COURT<br><br>Case No. 1:15-CV-2 TS<br><br>Judge Ted Stewart |

This matter is before the Court on Plaintiff Brian Ault's ("Plaintiff") Motion to Remand to State Court. Plaintiff seeks remand for procedural defects in Defendants' CenturyLink, Quest Corporation, Communications Workers of America, and CWA Local 7705's ("Defendants") Notice of Removal. Plaintiff is proceeding *pro se*. The Court will deny Plaintiff's Motion because the errors are *de minimis* procedural defects or unrelated to the removal process.

I. BACKGROUND

Plaintiff brings claims against Defendants that arise under federal law and are governed by Section 301 of the Labor Management Relations Act. Defendants timely removed the action to this Court pursuant to 28 U.S.C. § 1441(a).[1] Plaintiff asks this Court to remand his action to state court for procedural defects in Defendants' Notice of Removal. He points to (1) Defendants' failure to attach a summons directed to Defendant CWA Local 7705 to the original Notice of Removal, (2) Defendants' typographical error in the Civil Cover Sheet ("cover

---

[1] Docket No. 2.

1

sheet"), and (3) Defendants' decision to identify CenturyLink as a Colorado corporation. Plaintiff asks this Court to adopt the minority view for procedural defects in subject-matter jurisdiction cases, that any defect, no matter how small, is not curable after a 30-day period, and requires remand to state court.[2] Shortly after the 30-day period ended, Defendants attached the summons, and clarified the typographical error.[3] Further, Defendants believe that "State of Colorado" is the correct cover sheet entry.[4]

## II. DISCUSSION

A defendant may remove to this Court any civil action brought in state court over which this Court has original jurisdiction.[5] The defendant's notice of removal must contain a short and plain statement of the grounds for removal, along with a copy of all process, pleadings, and orders served upon the defendants in the action.[6] In a minority of jurisdictions, a moving party's failure to attach the required state papers to a notice of removal is a fatal defect that requires remand.[7] However, in a majority of jurisdictions, including the Tenth Circuit, a moving party's failure to attach the required state papers is a curable procedural defect.[8] Consequently, removal is proper and a motion to remand to state court should be denied if (1) the notice of removal contains all the necessary state papers, or (2) any procedural defects are merely *de minimis* errors.

---

[2] Docket No. 16, at 3.

[3] Docket No. 21.

[4] Docket No. 22, at 2.

[5] 28 U.S.C. § 1441(a).

[6] 28 U.S.C. § 1446(a).

[7] *Countryman v. Farmers Ins. Exch.*, 639 F.3d 1270, 1272 (10th Cir. 2011).

[8] *Id.*

A. Necessary State Papers

A notice of removal must contain a short and plain statement of the grounds for removal, along with a copy of all process, pleadings, and orders served upon the defendants in the action.[9] Although Defendants mistakenly identified the federal statute they filed under in the cover sheet as 28 U.S.C. 144(a) rather than 28 U.S.C. 1441(a), Defendants listed the statute correctly seven times in their Notice of Removal.[10] Thus, Defendants' Notice of Removal contains a short and plain statement of the grounds for removal. On the other hand, Defendants failed to attach CWA Local 7705's summons to the initial Notice of Removal.[11] Because Defendants failed to attach all the necessary state papers to their initial Notice of Removal, remand would be required, unless this failure to attach a summons is considered a curable *de minimis* procedural defect.

B. Procedural Defects

Remand to state court is not required if procedural defects in a notice of removal are simply curable *de minimis* errors. While there is a presumption against removal, and the Court must strictly construe the removal statute,[12] the Tenth Circuit has determined that the type of procedural defects Plaintiff identifies are curable. In *Countryman v. Farmers Ins. Exch.*, the defendants Farmers Insurance and Mid-Century filed a notice of removal with a copy of all process, pleading, and orders,[13] except for the summons, which they neglected to attach to the

---

[9] 28 U.S.C. § 1446(a).

[10] Docket No. 2.

[11] Docket No. 16, at 2.

[12] *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

[13] 28 U.S.C. § 1446(a).

removal.[14]  The Tenth Circuit affirmed the majority view, that a removing party's failure to attach the necessary state court papers is a curable *de minimis* procedural defect.[15]  Like *Countryman*, Defendants failed to attach the summons directed to CWA Local 7705 to their Notice of Removal.  Like the insurers' omission in *Countryman*, Defendants' omission is a curable *de minimis* procedural defect, either before or after the 30-day period.  Defendants have already cured this procedural defect by attaching the summons in a supplement to their Notice of Removal.[16]  Plaintiff has failed to show any prejudice by the error.  Therefore, the Court holds that the missing summons is a curable *de minimis* procedural defect.

Additionally, remand to state court is not required for minor errors in a notice of removal cover sheet.  The federal removal statute requires a removing party to attach all process, pleading, and orders to its notice of removal.[17]  However, the federal removal statute does not require a cover sheet.  That requirement is found in this Court's local rules.[18]  Although Defendants mistakenly identified the federal statute they filed under in the cover sheet as 28 U.S.C. § 144(a) rather than 28 U.S.C. § 1441(a), Defendants listed the statute correctly seven times in their Notice of Removal.[19]  Thus, Defendants' Notice of Removal contains a short and plain statement of the grounds for removal, and the typographical cover sheet error is not a procedural defect.  Even if the typographical error is a procedural defect, Defendants have

---

[14] *Countryman*, 639 F.3d at 1271.

[15] *Id.* at 1272.

[16] Docket No. 21.

[17] 28 U.S.C. § 1446(a).

[18] *See* DUCivR 3–4.

[19] Docket No. 2.

clarified their intent by including the correct federal statute in their supplemental brief.[20] Defendants cured their error and remand is not required.

Finally, when a party bases its grounds for removal on federal question jurisdiction, diversity jurisdiction questions do not affect this Court's subject-matter jurisdiction. Plaintiff raises a diversity jurisdiction issue over Defendants' choice to identify CenturyLink as a Colorado corporation. Because Defendants base their grounds for removal on federal question jurisdiction, rather than diversity jurisdiction, the issue Plaintiff raises does not affect subject-matter jurisdiction and is not a procedural defect. Additionally, Defendants believe Colorado to be the correct cover sheet entry, and Defendants' principal place of business appears to be Colorado.[21] Therefore, remand is not required on this ground.

### III. CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Remand to State Court (Docket No. 16) is DENIED.

DATED June 15, 2015.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[20] Docket No. 21.

[21] *Hertz v. Friend*, 130 S. Ct. 1181, 1184–85 (2010).