IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRIAN C. AULT,<br><br>    Plaintiff,<br><br>v.<br><br>CENTURYLINK, QWEST CORPORATION, COMMUNICATIONS WORKERS OF AMERICA, AND CWA LOCAL 7705,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS<br><br><br>Case No. 1:15-CV-02 TS<br><br>District Judge Ted Stewart |

    This matter is before the Court on Plaintiff Brian Ault's ("Plaintiff") Motion for Leave to File Amended Complaint and Plaintiff's Second Motion to Remand to State Court. Plaintiff seeks to amend the Complaint by (1) removing two defendants—Communication Workers of America and CWA Local 7705 ("Union Defendants"), (2) removing references to the collective bargaining agreement (the "CBA"), and (3) lowering the total damages sought to no more than $72,000. Plaintiff seeks remand based on the Amended Complaint's purported removal of federal jurisdiction. For the reasons discussed below, the Court will grant Plaintiff's Motion for Leave to File Amended Complaint and deny Plaintiff's Second Motion to Remand.

    Also before the Court is Union Defendants' Motion to Vacate the Cutoff Date to File Dispositive Motions and Trial Date. In their Motion, Union Defendants request this Court reschedule the dispositive motion deadline to 30 days after the Court makes its ruling on Plaintiff's pending motions. Pursuant to this Order, Union Defendants will be terminated from

the case and their Motion will be moot. Therefore, the Court will deny Union Defendant's Motion and will not alter the Court's September 2, 2015 Scheduling Order.

## I. BACKGROUND

Plaintiff initially filed this action against CenturyLink, Qwest Corporation, Communications Workers of America, and CWA Local 7705 ("Defendants") in Utah state court on December 3, 2014. Plaintiff was a member of the bargaining unit represented by the Communication Workers of America ("CWA") and brought claims against Defendants that arose under federal law and were governed by Section 301 of the Labor Management Relations Act.[1] On January 6, 2015, Defendants timely removed the action to this Court pursuant to 28 U.S.C. § 1441(a).[2] Plaintiff then filed a motion asking this Court to remand the action to the state court due to procedural defects in the Defendants' Notice of Removal. This Court denied Plaintiff's Motion to Remand because the procedural defects cited in the Plaintiff's Motion to Remand were either *de minimis* or unrelated to the removal process.[3] Plaintiff now files a Motion for Leave to File Amended Complaint and a Second Motion to Remand, claiming that his proposed Amended Complaint removes federal subject matter jurisdiction.

## II. DISCUSSION

A. Motion for Leave to File Amended Complaint

Under Federal Rules of Civil Procedure 15(a)(2), when an amendment is not permitted as a matter of course, a party may amend its pleading "only with the opposing party's written

---

[1] Docket No. 27.

[2] Docket No. 2.

[3] Docket No. 27.

2

consent or the court's leave."[4]  In their Response to Plaintiff's Motion for Leave to File Amended Complaint, Defendants CenturyLink and Qwest Corporation ("Employer Defendants"), stated that they "do not object to Plaintiff's proposed amendment."[5]  This Response from Defendants is sufficient to establish written consent.  Though the Union Defendants did not respond to Plaintiff's Motion for Leave to File an Amended Complaint, the Court will construe the Union Defendants' silence as a lack of objection to being terminated from this case.  Accordingly, the Court will grant Plaintiff's Motion for Leave to file an Amended Complaint.

  B. Second Motion to Remand to State Court

Section 301 of the Labor Management Relations Act preempts certain labor claims brought under individual employment contracts and under state law.[6]  However, "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law."[7]  For example, the Supreme Court has stated that, "a plaintiff covered by a collective-bargaining agreement is permitted to assert legal rights independent of that agreement, including state-law contract rights, so long as the contract relied upon is not a collective-bargaining agreement."[8]  While there is this possibility of asserting an employment claim that is independent of a collective-bargaining

---

[4] Fed. R. Civ. P. 15(a)(2).

[5] Docket No. 34.

[6] *Garley v. Sandia Corp.*, 236 F.3d 1200, 1211 (10th Cir. 2001).

[7] *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985).

[8] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 396 (1987).

agreement, many claims are preempted by Section 301.[9] Among other considerations for preemption,[10] Section 301 preempts a state law claim that is "inextricably intertwined with consideration of the terms of the labor contract."[11] Claims preempted by Section 301 are properly removed to federal court under 28 U.S.C. § 1441(b).[12] Additionally, Section 301 itself states that "[s]uits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."[13]

In this case, Section 301 of the Labor Management Relations Act preempts Plaintiff's state law claims in his Amended Complaint. While Plaintiff's Amended Complaint removes all explicit references to the CBA between Employer Defendants and CWA, the remaining claims in the Amended Complaint are inextricably intertwined with the terms of the CBA. For example, Plaintiff's allegations that disciplinary procedures were not followed, that he was entitled to union representation, and that he was eligible for severance pay, all require interpretation of the CBA.[14]

Accordingly, Plaintiff's Motion to Remand to the State Court will be denied because Section 301 of the Labor Management Relations Act preempts his state law claims and this

---

[9] *See Garley*, 236 F.3d 1200.

[10] *See id.*

[11] *Allis-Chalmers Corp.*, 471 U.S. at 213.

[12] *See Garley*, 236 F.3d at 1207. *See also Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Mock v. T.G. & Y. Stores, Co.*, 971 F.2d 522 (10th Cir.1992).

[13] 29 U.S.C. § 185(a).

[14] Docket No. 34.

Court maintains federal subject matter jurisdiction under 28 U.S.C. § 1331.  Further, the Court may exercise supplemental jurisdiction over any claims that are not preempted.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Leave to File an Amended Complaint (Docket No. 32) is GRANTED.  Plaintiff is directed to file his Amended Complaint within fourteen (14) days.  It is further

ORDERED that Plaintiff's Second Motion for Remand (Docket No. 33) is DENIED.  It is further

ORDERED that Union Defendants' Motion to Vacate the Cutoff Date to File Dispositive Motions and Trial Date (Docket No. 39) is DENIED as moot.

DATED this 5th day of April, 2016.

BY THE COURT:

_____
Ted Stewart
United States District Judge