IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRIAN C. AULT,<br><br>       Plaintiff,<br><br>v.<br><br>CENTURYLINK, QWEST CORPORATION, COMMUNICATIONS WORKERS OF AMERICA, CWA LOCAL 7705,<br><br>       Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS<br><br><br>Case No. 1:15-CV-2 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants Century Link and Qwest Corporation's (collectively, "Defendants'") Motion for Summary Judgment and Motion to Dismiss. For the reasons discussed below, the Court will grant Defendants' Motions.

I. BACKGROUND

Plaintiff Brian C. Ault was employed by Defendant Qwest Corporation as a Center Sales and Service Associate for approximately five months, beginning on August 26, 2013. The terms of Plaintiff's employment were governed by a collective bargaining agreement ("CBA") negotiated between Defendants and the Communication Workers of America and Local 7705 (collectively, "the Union"). The CBA provides that "just cause" is needed for discipline and discharge, and provides a designated grievance and arbitration procedure so that employees could grieve any discipline or general dispute. The CBA also provided that "[a]n employee has

1

the right to a union representative, upon request, in investigatory interviews, and when discipline is being administered."[1]

On February 19, 2014, a meeting took place during which Plaintiff was suspended. A Union representative was not present at the meeting. Plaintiff alleges he requested Union representation at the meeting, but was denied. On February 25, 2013, Plaintiff received a letter dated February 24, 2013, from Defendants requesting he report back to work and warned that failure to do so by Wednesday, February 26, 2014, would result in termination. Plaintiff did not return to work. Plaintiff received a letter of termination on February 27, 2014. Plaintiff did not attempt to contact the Union after receiving the February 24 letter.

More than nine months later, on December 3, 2014, Plaintiff filed suit in Utah state court asserting claims for breach of the collective bargaining agreement and intentional infliction of emotional distress against Defendants and for breach of the duty of fair representation against the Union. On January 6, 2015, Defendants and the Union removed the case to federal court. Plaintiff, proceeding pro se, filed a Motion to Remand to State Court. The Court denied his Motion. Plaintiff then filed a Second Motion to Remand and a Motion for Leave to File Amended Complaint. In his proposed Amended Complaint, Plaintiff removed all claims against the Union, all references to the CBA, and reduced his claim for damages to $72,000. The Court granted his Motion to amend his complaint, but denied his Motion to Remand holding that

---

[1] Docket No. 41-1, at 174.

"Section 301 of the Labor Management Relations Act preempts his state law claims and [that] this Court maintains federal subject matter jurisdiction under 28 U.S.C. § 1331."[2]

Plaintiff filed an Amended Complaint on April 11, 2016 alleging: (1) wrongful termination of employment, (2) constructive discharge from employment, (3) breach of oral contract of employment, (4) breach of written contract of employment, (5) breach of implied covenant of good faith and fair dealing, and (6) intentional infliction of emotional distress. Defendants filed a Motion for Summary Judgment prior to the Court's order on Plaintiff's Second Motion to Remand and Motion for Leave to File Amended Complaint and have now filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and request that the motion be treated as a motion for summary judgment pursuant to Rule 12(d).

## II. LEGAL STANDARD

Under Rule 12(d), "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."[3] Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

---

[2] Docket No. 43, at 5.

[3] The Court notes that Plaintiff is not prejudiced by the Court's treatment of the Motion to Dismiss as one for summary judgment. Defendants' Motion to Dismiss merely incorporates the Motion for Summary Judgment. Plaintiff has responded substantively to both Motions and has submitted documents outside of the pleadings in support of his position. *See Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1121 (10th Cir. 2006); *See also Americable Intern., Inc. v. Dep't of Navy*, 129 F.3d 1271, 1274 n.5 (D.C. Cir. 1997) ("Given that the motions were in the alternative for summary judgment and that the parties had the opportunity to submit and submitted materials in support and in opposition, it is not unfair to [plaintiff] to treat the decisions as summary judgments.").

judgment as a matter of law."[4] In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[5] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[6]

### III. DISCUSSION

Plaintiff alleges Defendants wrongfully terminated him without just cause, without following "any due process and known disciplinary steps and paperwork processes, pursuant to the Defendants' own known Code of Conduct and Employee Handbook,"[7] and without providing a Union representative at the time of suspension. Plaintiff alleges he is entitled to one year severance pay, tuition reimbursement, and continued employment after his training period. He further alleges that Defendants discriminated against him based on his criminal history and created an "intimidating, harassing, and hostile work environment."[8]

Defendants argue Plaintiff's claims should be dismissed because they are preempted by Section 301 of the Labor Management Relations Act. As such, Defendants argue Plaintiff was required to exhaust administrative remedies before filing suit in court and allege that the Union breached its duty of fair representation. Moreover, Defendants argue Plaintiff's claims are barred under the six month statute of limitations period for Section 301 suits.

---

[4] Fed. R. Civ. P. 56(a).

[5] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[6] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[7] Docket No. 44, at 20.

[8] *Id*. at 4.

Section 301 preempts state-law claims when the application of state law "requires the interpretation of a collective-bargaining agreement."[9] Here, Plaintiff's allegations against Defendants for wrongful termination, breach of contract, and intentional infliction of emotional distress arise under provisions within the CBA and require its interpretation. The CBA governs the disciplinary process, including suspension and discharge, and all terms and conditions regarding severance pay, tuition reimbursement, wages, bonuses, commissions and benefits for employees. Article 16 of the CBA also provides a grievance and arbitration procedure for employees to grieve disciplinary action and disputes covered by the CBA. Accordingly, Plaintiff's claims against Defendants require interpretation of the CBA and are thus, preempted by Section 301. Therefore, "federal, and not state, law must be used in adjudicating these claims."[10]

When an employee brings a suit against his employer for breach of a collective bargaining agreement under Section 301, the employee must first exhaust the grievance and arbitration procedures contractually agreed upon between the employer and the Union.[11] Additionally, to prevail against the employer, the employee "must not only show that [his] discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union."[12] The employee may choose to sue the employer and the Union, or sue one and not the other, "but the case he must prove is the same whether he sues one, the other, or

---

[9] *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988).

[10] *Johnson v. Beatrice Foods Co.*, 921 F.2d 1015, 1018 (10th Cir. 1990).

[11] *United Paperworkers Int'l Union v. Miso, Inc.*, 484 U.S. 29, 37–38 (1987).

[12] *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 67 (1981).

5

both."[13] Further, a Section 301 suit against an employer for breach of the collective bargaining agreement is subject to a six-month statute of limitations.[14]

Here, Plaintiff failed to first exhaust the grievance and arbitration procedures under the CBA before bringing his suit. Plaintiff states he did not contact the Union at any point after receiving the February 24 letter and did not engage in the grievance and arbitration procedures under the CBA.[15] Plaintiff also fails to demonstrate that the Union breached its duty of fair representation to Plaintiff. Though Plaintiff's original complaint asserted breach of the duty of fair representation against the Union, Plaintiff chose to amend his complaint and drop all claims against the Union. Even if the Court were to now allow Plaintiff to allege that the Union breached its duty, Plaintiff failed to provide evidence of such a breach. Therefore, Plaintiff cannot successfully bring his claims under Section 301.

Moreover, Plaintiff untimely filed his lawsuit outside the six-month statute of limitations for his claims under Section 301. Plaintiff did not file this action until over nine months after his termination. Thus, this Court will grant Defendants' Motion for Summary Judgment and Motion to Dismiss. The Court need not consider Defendants' alternative arguments for dismissal under state law because—as the Court previously held in its ruling on Plaintiff's Second Motion to Remand and Motion for Leave to File an Amended Complaint—Plaintiff's claims are preempted under Section 301.

---

[13] *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 165 (1983).

[14] *Id.* at 169.

[15] Docket No. 41-6, at 12.

## IV. CONCLUSION

It is therefore

ORDERED that Defendants' Motion for Summary Judgment (Docket No. 41) and Motion to Dismiss (Docket No. 48) are GRANTED. Plaintiffs' claims are dismissed with prejudice. The Clerk of the Court is directed to close this case forthwith.

Defendants' request for attorneys' fees is denied without prejudice. Defendants fail to provide legal authority for their request.

DATED this 11th day of July, 2016.

BY THE COURT:

_____
Ted Stewart
United States District Judge